## WHEELER *v.* EATON.

An attachment of personal property is not released by the officer's statement to the owner that he may have it if it is his.

REPLEVIN, for a lot of boards. Facts found by a referee. The defendant is a deputy sheriff. Upon a writ in favor of one Spalding against Gustus Wheeler, he attached as the property of Gustus "one hundred thousand feet of pine boards, more or less, situated . . . on land of Gustus Wheeler in Hollis in said county," and left an attested copy of the writ and of his return thereon with the town clerk. He posted a notice of the attachment near the boards in question. Gustus did not own the field or the boards named in the return, but they were the property of the plaintiff. Upon the plaintiff's request that the attachment be released, the defendant replied that he had attached no boards belonging to the plaintiff, but had attached all boards belonging to Gustus, and that the plaintiff could take away the boards if they belonged to him. The plaintiff, believing that he could not legally exercise control over the boards until the attachment should be released, replevied them. The court ordered judgment for the defendant, and the plaintiff excepted.

*Joseph B. Parker*, for the plaintiff.

*Charles W. Hoitt* and *Jeremiah J. Doyle*, for the defendant.

*Per Curiam.** If the boards had been the property of Gustus, it is admitted that the attachment would have constituted a valid lien upon them, and that they would have been in the constructive possession of the officer. G. L., c. 224, s. 16. But the question of title did not affect his possession of the property, and unless he afterwards parted with that possession, he cannot justify his act as against the true owner. When he informed the plaintiff that he had not attached the plaintiff's boards, but had attached all boards belonging to Gustus, and that the plaintiff could take the boards away if they belonged to him, both parties understood that the attachment was not released, and that the plaintiff would take them at his peril. The permission given him to take them was contingent, depending upon the question of title, which the officer did not attempt to decide. He retained the same possession of the boards after this conversation that he had before. He still had the plaintiff's property without right.

*Exception sustained : judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.